This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Thomas J. Majka, appeals the order of the Cuyahoga Falls Municipal Court denying his motion for a return of firearms. This Court affirms in part and modifies in part.
On November 1, 2000, Majka was charged with domestic violence in connection with an incident with his spouse that left her with a bruise on the side of her face. The case was resolved when Majka pled no contest to an amended charge of disorderly conduct, in violation of Hudson City Ordinance section 648.04. Majka was sentenced accordingly.
In connection with the investigation of Majka, certain items were seized by law enforcement officials, including firearms and ammunition. Majka requested that the items be returned, but the request was denied. On February 16, 2001, Majka filed a motion for return of personal property seized on February 16, 2001. The trial court held a hearing on the matter. The trial court denied the motion on April 27, 2001.
Majka has timely appealed, asserting two assignments of error.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY ORDERING THE FORFEITURE OF APPELLANT'S PERSONAL PROPERTY WHERE THE STATE FAILED TO COMPLY WITH THE FORFEITURE STATUTE, AND WHERE APPELLANT HAD ALREADY BEEN SENTENCED IN VIOLATION OF APPELLANT'S RIGHTS UNDER OHIO FORFEITURE LAW, AND APPELLANT'S OHIO AND U.S. CONSTITUTIONAL RIGHTS TO DUE PROCESS; AGAINST EXCESSIVE FINES; AND AGAINST DOUBLE JEOPARDY.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY FAILING TO PERMIT APPELLANT TO PRESENT EVIDENCE AT A HEARING ON APPELLANT'S MOTION FOR RETURN OF PROPERTY.
The foregoing assignments of error are considered together as they raise similar issues of law and fact.
Contraband is property that cannot be lawfully possessed. R.C. 2933.42
and 2901.01(A)(13). Contraband is defined by R.C. 2901.01(A)(13) as:
 Property that in and of itself is unlawful for a person to acquire or possess;
 Property that is not in and of itself unlawful for a person to acquire or possess, but that has been determined by a court of this state, in accordance with law, to be contraband because of its use in an unlawful activity or manner, of its nature, or of the circumstances of the person who acquires or possesses it[.]
 "No person shall possess, conceal, transport, receive, purchase, sell, lease, rent, or otherwise transfer any contraband." R.C. 2933.42.
 Federal law also proscribes the possession of a firearm for those convicted of an offense of domestic violence:
It shall be unlawful for any person —
* * *
 who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
Section 922(g)(9), Title 18 U.S.Code. A "misdemeanor crime of domestic violence" is one that "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a former or current spouse[.]" Section 921(a)(33)(A)(ii), Title 18 U.S.Code.
Majka was originally charged with domestic violence. Majka pled guilty to and was convicted of the reduced charge of disorderly conduct, in violation of Hudson Codified Ordinances 648.04, which provides:
 No person shall recklessly cause inconvenience, annoyance or alarm to another, by doing any of the following:
 Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior[.]
The victim in this case was Majka's spouse, against whom Majka engaged in fighting or threatened physical harm. In the instant case, this Court considers Majka's conviction for disorderly conduct to be a "misdemeanor crime of domestic violence." Consequently, Majka was legally prohibited from possessing any firearm or ammunition.
The trial court properly denied the return of Majka's firearms and ammunition as the items were contraband. In an analogous case, this Court concluded that a lawfully seized firearm was contraband, not subject to return or a forfeiture hearing:
 In this case, the gun was lawfully seized by the Akron Police Department and must be disposed of pursuant to R.C. 2933.41. The gun was the subject of the Carrying a Concealed Weapon charge for which Defendant was convicted. Thus, Defendant lost any right to possess the weapon pursuant to R.C. 2933.41(C)(1), and was precluded from claiming it. See State v. Mohn, (Aug. 16, 1995), Medina App. No. 2388-M, unreported, at 3. In addition, Defendant lost any right to the possession or ownership of the gun because, in light of the nature of the property and the fact that Defendant has a felony conviction for possession of cocaine, it would be unlawful for him to possess the gun pursuant to R.C. 2923.13(A)(3), having weapons while under disability. See Mohn, supra. Therefore, the trial court was not required to hold a forfeiture hearing pursuant to R.C. 2933.43[.] State v. Grundy
(Dec. 9, 1998), Summit App. No. 19016, unreported.
This Court also concludes that the double jeopardy clause is not implicated by the actions of the trial court. In State v. Epstein, (May 17, 2000), Lorain App. No. 99CA007390, unreported, this Court reviewed the circumstances upon which a forfeiture is barred by the double jeopardy clause. This Court held that the double jeopardy clause prohibits forfeiture "if the property could be lawfully possessed by the party in question, and therefore, the forfeiture is sought only as a penalty for the underlying criminal activities that already form the basis of the criminal conviction[.]" Id.
As the firearms and ammunition were contraband, they were not subject to return as a matter of law, vitiating any need for a forfeiture hearing. Majka's personal property cataloged by the Hudson Police Department other than the firearms and ammunition, which are not contraband (e.g., neckwarmer, fleece hat, etc.), are properly subject to return.
Judgment accordingly.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., WHITMORE, J. CONCUR.